<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO LOPEZ<br><br>　　　Plaintiff<br>v.<br><br>COUNTY OF PASSAIC,<br>PASSAIC COUNTY<br>SHERIFF'S DEPARTMENT,<br>JERRY SPEZIALE,<br>WILLIAM CULLEN,<br>EDWARD DOMBROWSKI.<br><br>　　　Defendants | Civil Action No. 04-5789(KSH)<br><br><u>OPINION</u> |

**KATHARINE S. HAYDEN, U.S.D.J.**

### I.  INTRODUCTION

On November 23, 2004, Julio Lopez filed a complaint alleging employment discrimination on the basis of his ethnicity and national origin in violation of Title VII**.**  Before the Court is a motion for summary judgment brought by the defendants.  For the following reasons, their motion is **denied**.

### II.  BACKGROUND

Lopez, a Hispanic male of Puerto Rican descent, was employed by the Passaic County Sheriff's Department ("PCSD") from 1995 to 2001.  (Compl. ¶¶ 5, 12.)  He was initially hired as a Security Officer and was later promoted to the position of Sheriff's Investigator.  (Dep. of Julio Lopez, Ex. A to the LeBoeuf Decl. 13:16-18.)

On November 21, 2001, defendant Jerry Speziale was elected Passaic County Sheriff. (Dep. of Jerry Speziale, Ex. B to the LeBoeuf Decl. 7:16-18.) On December 7, 2001, Lopez met with Sheriff-elect Speziale's "transition team," which consisted of Felix Garcia and two of the defendants, William Cullen and Edward Dombrowski. (Aff. of Felix Garcia, Docket Entry #26 ¶¶ 3, 4.) According to Garcia, "Mr. Cullen informed Mr. Lopez that effective January 1, 2002, his employment with the Passaic County Sheriff's Department would cease." (Id. at ¶ 5.) That happened, and this lawsuit was eventually filed.

### III. STANDARD

Summary judgment is appropriate when the moving party shows that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). An issue is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Conrail, 297 F.3d 242, 247 (3d Cir. 2002). At the summary judgment stage, the Court may not weigh the evidence or make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998).

### IV. DISCUSSION

Under Title VII, it is an unlawful employment practice to discharge an employee on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII disparate treatment claims are analyzed under the three-step of burden shifting framework

identified in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), under which the plaintiff bears the initial burden of showing a prima facie case of discrimination. Id. at 802. If this happens, the burden shifts to the defendant "to proffer a nondiscriminatory reason for its adverse employment action." Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1066 (3d Cir. 1996). Thereupon the burden shifts back to the plaintiff to prove by a preponderance of evidence that the employer's proffered reasons are merely a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

A prima facie case rests on four factors: (1) that plaintiff was a member of a protected class; (2) was qualified for the position; 3) suffered an adverse employment action; 4) and that the position was filled under circumstances that give rise to an inference of discrimination. Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

There does not appear to be much dispute about the existence of the first two factors: Lopez is a member of a protected class under Title VII and he was qualified for the position of Sheriff's Investigator. As to the third, Lopez argues that he suffered an adverse employment action when his employment with the PCSD was terminated. (Plaintiff's Brief in Opposition to Motion for Summary Judgment 17.) The defendants argue that Lopez "had no rights to his position as a Sheriff's Investigator." (Defendants' Brief in Support of Motion for Summary Judgment 11.) They claim that the statute creating the Sheriff's Investigator position, N.J.S.A. 40A:9-117 (a), provides for an at-will employment position and on that basis, Lopez "was clearly subject to dismissal by the newly elected Sheriff." (Id.)

Whether or not Lopez was an "at will" employee has no bearing on the third factor of the prima facie case. Title VII prohibits employers from taking an adverse employment action

against *any individual* on the basis of race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2(a).[1]  Therefore even if someone is an "at will" employee it is still an unlawful employment practice to dismiss that person for a discriminatory reason.  Lopez has shown that his employment with the PCSD was terminated, which is an adverse employment action under Title VII.  See Jones v. School Dist. of Philadelphia, 198 F.3d 403, 411 (3d Cir. 1999).  Therefore, the plaintiff has satisfied the third factor of the prima facie case.

The fourth factor requires a showing that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  Lopez has shown that when Speziale took office the PCSD discharged several Sheriff's Investigators including the only two Hispanic Sheriff's Investigators in the department.  (Dep of Jerry Speziale 68:5-10.)  Lopez claims that "[b]oth individuals were replaced, in some instances by arguably less-qualified and definitely non-Hispanic individuals . . ." (Plaintiff's Brief in Opposition to the Motion for Summary Judgment 9.)  These circumstances facially give rise to an inference of discrimination, so the plaintiff has met the fourth element of the prima facie case.

The next step in the McDonnell Douglas framework is whether the defendant has proffered a legitimate non-discriminatory reason for its adverse employment action.  In their submissions the defendants have set forth legitimate non-discriminatory reasons for Lopez's termination, most clearly stated in a letter Passaic County sent to the EEOC investigator assigned to this case, which reads in relevant part:

---

[1] This statute provides: "It shall be an unlawful employment practice for an employer - to fail or refuse to hire or to discharge *any individual*, or otherwise to discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."
42 U.S.C. § 2000e-2(a)(1)(emphases added).

>It is respectfully submitted that Mr. Lopez, who was clearly in an unclassified position as a Sheriff's Investigator, was terminated because the new Sheriff wanted to have persons in these positions he had confidence in and could rely upon to act as trusted advisors upon taking office and that the discharge of Mr. Lopez had nothing to do with his race or national origin.  It is also suggested that the new Sheriff made an effort to retain Mr. Lopez as a Sheriff's Investigator, but refused to agree prior to taking office, to guarantee Mr. Lopez what his duties would be in that position on January 1, 2002.  When Mr. Lopez refused to accept the Sheriff's offer to be retained as a Sheriff's Investigator he knew that this refusal was tantamount to a layoff in the beginning of January 2002. "

(Letter to Ana Gomez Ex E. to the Lebeouf Decl. 2.)

The defendants' reasons, therefore, are that Lopez was an at-will employee, he refused to accept a position without a guarantee about his duties, and the Sheriff wanted people he had confidence in as his investigators.  This satisfies the defendants' "relatively light burden" of articulating a legitimate reason for the unfavorable employment decision" so the burden shifts back to the plaintiff to show pretext.  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)

To show pretext, "the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Fuentes, 32 F.3d at 765.  When the plaintiff offers evidence "that would allow reasonable minds to conclude that the evidence of pretext is more credible than the employer's justifications, the employer's motion for summary judgment must fail." Iadimarco v. Runyon, 190 F.3d 151, 166 (3d Cir. 1999).

Lopez has adduced evidence that the defendants have given differing reasons for terminating him at different times.  He testified in his deposition that Speziale's transition team told him that he was being laid off for budgetary reasons.  (Dep. of Julio Lopez 53:2-7, 56:8-25.)

One of the members of the transition team, Felix Garcia, corroborates the assertion in his sworn affidavit: "Mr. Cullen informed Mr. Lopez that his employment was being terminated for budgetary reasons." (Aff. of Felix Garcia ¶ 6.) Further corroboration exists where Speziale certified that Lopez was eligible for the "Rice List" after he was discharged. (Application for Rice List, Ex. D to the LeBeouf Decl.) The Rice List is a preferential hiring list for law enforcement personnel who were terminated "for reasons of economy." N.J.S.A. 40A:14-180. Speziale also testified in his deposition that Lopez's salary played a part in the decision to terminate his employment. "We were trying to cut the budget, trim it, he was making 65, $70,000 and we brought people in at $25,000 we were trying to reduce the budget." (Dep. of Jerry Speziale 125:20-23.)

The defendants now argue that Lopez was fired for reasons other than the budget. Speziale asserted in his deposition that Lopez was let go "because he was a Sheriff's Investigator that I decided was not going to be in my administration . . ." (Dep. of Jerry Speziale 117:8-10.) The defendants also argue in their brief that Lopez was discharged because he refused to accept a different position with the PCSD. (Defendant's Brief in Support of Motion for Summary Judgment 7, 13.) They claim that Speziale offered Lopez the chance to stay on as a Sheriff's Investigator but he "insisted that the Sheriff guarantee him that he would retain his position as SWAT team supervisor." (Id. at 13.) Speziale was unwilling to make such a guarantee, the plaintiff did not accept the alternative position, and he was terminated. (Id.)

Giving "shifting" reasons for termination can lead the factfinder to the conclusion that the employer's proffered reason is not credible. See Collins v. Also Parking Corp., 448 F.3d 652, 659 (3d Cir. 2006). It is some evidence that the proffered reason "was either a *post hoc*

Case 2:04-cv-05789-KSH-PS...
.

fabrication or otherwise did not actually motivate the employment action." Fuentes, 32 F.3d at 764.  When Lopez was fired he was told that he was being discharged for budgetary reasons. (See supra p. 5.)  Since then the defendants have asserted different reasons for terminating his employment.  (See supra p. 6.)  Although defendants seem to take the position that several reasons factored into the decision to discharge Lopez (Letter to Ana Gomez 2) the fact remains that different reasons have been used at different times a showing that could support a finding of pretext.  This inconsistency could lead a reasonable factfinder to find that defendants' proffered reasons are "unworthy of credence." Fuentes, 32 F.3d at 765(citing Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 531 (3rd Cir. 1992).

The record in this case supports an inference the defendants did not act for non-discriminatory reasons.  Therefore, summary judgment must be denied.  Lawrence v. Nat'l Westminster Bank New Jersey, 98 F.3d 61, 66 (3d Cir. 1996).

The defendants have also argued that they are shielded from liability by the doctrine of qualified immunity, which protects public officials from liability for money damages in their individual capacity.  They have offered no support for their argument that qualified immunity is applicable in Title VII cases.  Under Title VII public officials may only be held liable in their official capacity.  In re Montgomery County, 215 F.3d 367, 372-373 (3d Cir. 2000).  Since the defendants cannot be held individually liable the doctrine of qualified immunity is inapplicable.

## V. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is **denied**.  An

appropriate order will be entered.


Dated: 6/29/07                                              /s/ Katharine S. Hayden

                                                                                                        Katharine S. Hayden
                                                                                                         United States District Judge